UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>James Martin</u>

   v.                                                                            Civil No. 11-cv-304-LM

<u>Icon Health & Fitness, Inc.</u>


**<u>O R D E R</u>**

    Before the court is plaintiff's motion to reopen discovery and continue the trial so that he can secure an expert witness on the issue of causation.  Defendant objects to the continuance, arguing that plaintiff's need for the continuance is caused solely by his untimely recognition of his need for an expert on causation.

    This is a products liability case which plaintiff alleges that a part on his Nordic Track Revitalize 2.0 Inversion System ("Revitalize 2.0"), which was manufactured by defendant, was defectively designed.  Plaintiff claims that while he was exercising on the Revitalize 2.0 the part broke and caused him to fall and suffer injuries.  At some point following plaintiff's fall, defendant issued a voluntary recall of the same part that is at issue in this lawsuit.

    Plaintiff's expert disclosure deadline was February 1, 2012.  Plaintiff disclosed only one expert, and that expert did

not provide an opinion on causation. Plaintiff did not retain an expert on causation despite the fact that, in defendant's December 2011 answers to interrogatories, defendant placed plaintiff on notice that causation was disputed. See Def.'s Mot. to Preclude Ex. 4 (doc. no. 14-5), at 2. It was not until March 30, 2012, when defendant supplied plaintiff with its expert disclosure (disputing causation) that plaintiff apparently became aware of the need to secure his own causation expert.

On April 26, 2012, plaintiff filed supplemental answers to interrogatories, in which he disputed numerous assertions in defendant's expert report. As an engineer and physics teacher, plaintiff asserts that he has the expertise to rebut defendant's causation expert. Plaintiff characterizes his supplemental answers as "expert rebuttal" evidence. See Pl's Obj. (doc. no. 16), at 2. Plaintiff's attempt to use himself as a "rebuttal expert" under these circumstances might work had he made an initial disclosure that he was acting as plaintiff's expert on causation. Plaintiff had notice that defendant was disputing causation prior to his initial disclosure deadline. By labeling his supplemental answers as "expert rebuttal," plaintiff is attempting to circumvent the deadline for initial disclosures.

Plaintiff's failure to disclose an expert on the issue of causation leaves him in an awkward spot, as defendant well understands. Defendant has, in fact, filed a motion for summary judgment, arguing that under New Hampshire products-liability law, expert testimony on causation is required. Plaintiff's objection is not due until June 28, 2012. Discovery closes on July 1, 2012. It is in this context that plaintiff has moved for a continuance.

Plainly, plaintiff has painted himself into a corner. That said, the court of appeals for this circuit, has repeatedly expressed its "preference for disposing of a case on the merits." Vásquez-Rijos v. Anhang, 654 F.3d 122, 127 (1st Cir. 2011) (affirming dismissal of case for failure to comply with discovery deadlines) (citation omitted); see also Indigo Am. Inc. v. Big Impressions, LLC, 597 F.3d 1, 6 (1st Cir. 2010) (noting court's "preference for resolving disputes on the merits" when vacating default judgment) (citation omitted). While this case does not involve dismissal as a sanction or default judgment, a resolution of the motion to continue in defendant's favor may, as a practical matter, lead to judgment for defendant. The court is mindful that with the exception of plaintiff's failure to realize the need for a causation expert, there is no evidence that plaintiff has been dilatory with

3

respect to his discovery obligations.  This is not a case where discovery has closed and trial is imminent.  At the same time, however, the court is sympathetic to defendant, who has litigated in complete good faith and has complied with all relevant deadlines when filing what might well be a meritorious motion for summary judgment.

All that being said, the court offers plaintiff the following way out of the corner into which he has painted himself.  The court will grant plaintiff a continuance, described more fully below, if the plaintiff will agree to reimburse defendant for the reasonable attorneys' fees it incurred in researching, drafting, and filing its motion for summary judgment, document no. 15.  Plaintiff has five days from the date of this order to notify the court, and defendant, of its election.

In the event plaintiff elects to pay defendant's reasonable attorneys' fees, this case will be continued, subject to the following deadlines:  plaintiff must disclose to defendant within sixty days of the date of this order (on or before August 10, 2013) its causation expert and that expert's report in accordance with the requirements in Rule 26(a)(2)(B).  Summary judgment motions shall be filed on or before September 26, 2012.  Challenges to expert testimony are due on or before December 10,

2012. Trial is scheduled to occur during the two-week period beginning January 23, 2013.

    SO ORDERED.

                                                                 Landya McCafferty
                                                   United States Magistrate Judge

June 11, 2012

cc:   John K. Bosen, Esq.
      Ralph Suozzo, Esq.